8/23/2019 4:20 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36241092
By: Miaeda Hutchinson
Filed: 8/23/2019 4:20 PM

CAUSE NO. _____ **2019-59397**

| | | |
|---|---|---|
| HOUSTON ARMATURE WORKS INC., Plaintiff, | § § § § | IN THE DISTRICT COURT OF |
| V. | § § | HARRIS COUNTY, TEXAS |
| ZURICH AMERICAN INSURANCE COMPANY Defendant. | § § § § | 113th JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE COURT:

Plaintiff Houston Armature Works Inc. ("HAW") files this Original Petition against Defendant Zurich American Insurance Company ("Zurich"), asserting the following claims and relief:

## I. DISCOVERY PLAN

1.       Discovery should proceed under Level 3 pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

## II. PARTIES

2.       Houston Armature Works Inc. ("HAW") is a Texas corporation whose principal office is in Harris County, Texas.

3.       Zurich American Insurance Company is a foreign corporation and insurance carrier licensed, registered and/or eligible to do business in Texas, including Harris County. It may be served with process through its registered agent,

---

PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE                    **PAGE 1 OF 9**
4845-9299-3954.2

**EXHIBIT 2**

Corporation Service Company, 211 East 7th Street Suite 620, Austin, Texas 78701-3218.

### III.  JURISDICTION AND VENUE

4.      The Court has jurisdiction over this proceeding because (a) the amount in controversy exceeds the minimum jurisdictional limits of the Court; and (b) Zurich conducts business in Harris County, Texas; has offices in Harris County, Texas; and/or has otherwise placed itself within the jurisdiction of this Court.

5.      Venue is proper in Harris County, Texas, pursuant to TEXAS CIVIL PRACTICES & REMEDIES CODE § 15.002(a)(1), as the county where a substantial part of the events giving rise to the claims occurred because, among other things: (a) the insurance policy at issue in this case was issued to HAW as the named insured, whose address is in Houston, Harris County, Texas; and (b) the loss at issue occurred at HAW's address in Houston, Harris County, Texas.

6.      HAW is seeking monetary relief of over $1,000,000.00.

### IV.  BACKGROUND FACTS

**A.     Zurich issued a Commercial Insurance policy to HAW covering losses caused by and resulting from storms.**

7.      Zurich issued a Commercial Insurance policy to HAW as the named insured, policy no. CPO3994611-11, for the policy period from November 1, 2016 through November 1, 2017 ("Policy"). The Policy includes a Real and Personal Property Coverage form that provides coverage for "direct physical loss of or

damage to 'real property' and 'personal property' at a 'premises' directly caused by a 'covered cause of loss.'"  HAW's premises at 6100 Harrisburg Boulevard, Houston, Texas 77011 is a scheduled "premises" under the Policy, identified as Premises #1 therein.  The Policy also provides coverage for loss of Business Income and Extra Expense.

8.      The Policy has Real Property Limits of $3,000,000, Personal Property limits of $13,850,000, and Business Income and Extra Expense limits of $11,000,000.

**B.      HAW sustained direct physical loss of "real property," "personal property," lost "business income," and "extra expense" at and related to operations at its scheduled premises located 6100 Harrisburg Boulevard, Houston, Texas 77011.**

9.      Hurricane Harvey caused devastating damage to HAW's premises at 6100 Harrisburg Boulevard starting on or about, and continuing after, August 27, 2017.  It caused significant physical damage to the building and business personal property (including stock and non-stock), and other property.  Due to the damage to the building, business and other property, HAW had no operations for a period of time with continuing damage to its operations thereafter.  Also, as a result of Hurricane Harvey and damages, HAW has incurred and will incur "extra expense."

**C.     HAW timely notified Zurich of all losses and timely provided all requested information, but Zurich has delayed and refused to pay HAW for all of its covered losses and damages.**

10.     Shortly after discovering the damages and losses, HAW timely notified Zurich of the loss and claim under the Policy.  HAW timely provided all information and support for the loss and claim requested by Zurich and provided access for inspection and assessment of the damages and losses.

11.     Yet, despite HAW's demand, Zurich has not paid the entire claim.

## V. <u>CAUSES OF ACTION</u>

**A.     COUNT I - BREACH OF CONTRACT AGAINST ZURICH**

12.     HAW incorporates each and every foregoing paragraph as if fully set forth herein.

13.     The Policy is a valid and enforceable contract.  HAW is an insured under the Policy.  Zurich has a duty under the Policy to pay HAW for all covered losses resulting from Hurricane Harvey. All losses and damages submitted by HAW for and related to Hurricane Harvey are covered losses and damages under the Policy.

14.     All conditions precedent to Zurich's obligations under the Policy have been satisfied.

15.     Zurich breached the Policy, among other ways, by failing and/or refusing to pay HAW for all of the losses and damages for and relating to Hurricane

Harvey. Zurich's refusal to pay, and therefore breach of the Policy, has caused HAW substantial damages, including but not limited to unpaid damages and losses for and relating to Hurricane Harvey.

## B.    COUNT II - VIOLATION OF THE UNFAIR CLAIM SETTLEMENT PRACTICES ACT (CHAPTER 541 OF THE TEXAS INSURANCE CODE) AGAINST ZURICH

16.    HAW incorporates each and every foregoing paragraph as if fully set forth herein.

17.    By misrepresenting the scope of coverage under the Policy, Zurich has engaged in conduct that violates Chapter 541 of the Texas Insurance Code. Zurich represented that coverage would be available under the Policy for all losses and damages to covered property for covered causes of loss. Despite these representations and the language in the Policy that provides coverage for such losses and damages, Zurich has denied its obligations under the Policy.

18.    Zurich's actions and/or omissions have violated Chapter 541 of the Texas Insurance Code, including but not limited to §§ 541.060, and 541.061. To the extent that Zurich's violations of Chapter 541 of the Texas Insurance Code have been committed knowingly, then in addition to actual damages, costs, and attorneys' fees, HAW may be entitled to statutory damages of up to three times the actual damages suffered as a result of Zurich's misrepresentations as permitted under § 541.152.

C.     **COUNT III – VIOLATION OF THE PROMPT PAYMENT ACT (CHAPTER 542 OF THE TEXAS INSURANCE CODE) AGAINST ZURICH**

19.    HAW incorporates each and every foregoing paragraph as if fully set forth herein.

20.    HAW is entitled to payment under the Policy for all losses and damages for and related to Hurricane Harvey.  By failing to acknowledge and satisfy all of its obligations under the Policy, Zurich has engaged in conduct that constitutes violations of Chapter 542 of the Texas Insurance Code.  HAW is entitled to the damages set forth in § 542.060 of the Texas Insurance Code, including in addition to payment for all losses and damages for and related to Hurricane Harvey, interest at the rate of 18 percent per annum on the amount of the claim, plus any and all other relief provided therein to which they are entitled.

## VI. <u>REQUEST FOR ATTORNEY'S FEES</u>

21.    HAW incorporates each and every foregoing paragraph as if fully set forth herein.

22.    As a result of Zurich's breaches of contract and/or statutory violations, HAW has been required to retain legal counsel to enforce the obligations of Zurich. HAW has retained the undersigned counsel.  Under Chapter 38 of the Texas Civil Practice and Remedies Code, Chapters 541 and 542 of the Texas Insurance Code, and any other applicable law, HAW is entitled to recover reasonable and necessary

attorneys' fees and costs.

23.     All conditions precedent to the recovery of attorney's fees and costs have been met.

## VII. STATEMENT OF REQUESTED RELIEF

24.     At this time, HAW seeks all unpaid damages and losses resulting from Hurricane Harvey.  These damages include but are not limited to:

        a. Actual damages including but not limited to cleaning expenses, temporary relocation of offices, removal and replacement of various items in the building (including but not limited to doors, ceiling, tile floor, countertops), mitigation expenses, moving expenses, storage expenses, lost business income, and depreciation;

        b. Penalty interest;

        c. Statutory damages;

        d. Attorney's fees and costs; and

        e. Court costs.

25.     HAW reserves the right to amend this statement and the amount of damages it seeks should it determine the existence and amount of additional damages, including for statutory and other violations of applicable law.

## VIII. REQUEST FOR DISCLOSURES

26.     HAW requests that Zurich provide the disclosures required under Rule

194 of the Texas Rules of Civil Procedure.

## IX.  JURY DEMAND

27.    HAW requests a jury trial.

## X.  CONCLUSION AND PRAYER

28.    HAW incorporates each and every foregoing paragraph as if fully set forth herein.

29.    HAW requests the Court enter a final judgment in favor of them for the following relief:

a.    An award of all damages sustained by HAW as a result of Zurich's breaches of contract and violations of the Texas Insurance Code;

b.    An award of all penalty and/or pre-judgment interest at the maximum allowable rate under applicable law;

c.    An award of all post-judgment interest at the maximum allowable rate under applicable law;

d.    All costs of court and, as contractually and/or statutorily allowed, all other costs incurred by HAW to enforce recovery of the amounts owed to it by Zurich;

e.    All reasonable and necessary attorneys' fees; and

f.    Such other and further relief to which HAW may be entitled.

Respectfully submitted,

*/s/ Darin L. Brooks*
Darin L. Brooks
Texas Bar No. 00796252
dbrooks@grayreed.com
Kristen W. Kelly
Texas Bar No. 24046198
kkelly@grayreed.com
Brian E. Waters
Texas Bar No. 24078035
bwaters@grayreed.com
GRAY REED & MCGRAW LLP
1300 Post Oak Blvd., Suite 2000
Houston, Texas  77056-3000
Telephone:  (713) 986-7000;
Facsimile:  (713) 986-7100

**ATTORNEYS FOR PLAINTIFF
HOUSTON ARMATURE WORKS INC.**